FRAZIER *v*. KIBLER.

Opinion delivered October 25, 1920.

1.   DRAINS—MOTION AND PETITION TO REMOVE COMMISSIONERS.—Where a petition to remove the commissioners of a drainage district and a motion to docket the case were filed on the same day, they should be considered together in determining whether or not a cause of action for removal was stated.

2. DRAINS—REMOVAL OF COMMISSIONERS.—Under act No. 279 of Acts 1909, § 4, providing for removal of the commissioners of a drainage district upon a petition of a majority in number and acreage of the landowners, such commissioners may be removed without cause when such petition is filed.

Appeal from Cross Circuit Court; *R. H. Dudley,* Judge; reversed.

*E. M. CarlLee,* for appellants.

The pleadings filed by appellants stated a cause of action for removal of appellees as commissioners within the meaning of the act 279, Acts 1909, and the court erred in sustaining the demurrer and dismissing the petition. The language of the act is plain, unambiguous and mandatory. It was not necessary for petitioners to plead that they were a majority of landowners in number and acreage residing in the district. They set up that they were real property owners in the district, and it was the duty of the court to hear proof and determine whether or not the signers were a majority in number and acreage and within the act. The judge's duty was purely ministerial, and he had no alternative but to grant the relief. 102 Ark. 287; 96 *Id.* 163; 93 *Id.* 371; 101 *Id.* 350; K. & C. Dig., chap. 111, §§ 5852, 5841. The act of 1909 authorizes the court to act and remove upon *proof* (not petition) of incompetency of any commissioner. The act of 1911 gives a majority of the landowners the right to have the commissioners removed. The demurrer admitted the truth of the petition and that it contained a majority of the landowners in number and acreage.

*George A. Burr,* for appellees.

1. The circuit court was right in deciding that the petition does not state any ground or cause of removal of any commissioner. Acts 1909, pp. 833 and 840-1. There must be a majority in number and acreage of the land owners. The petition does not show this.

2. The petition contains no cause or ground of removal. No hint of dishonesty, incompetency, inefficiency or neglect of duty or fault or even irregularity. The

statute says the county court *may* remove, etc. The word used shows that it is discretionary with the court, and where no cause of removal is shown the petition should have been dismissed. 35 Cyc. 1452; 181 Ill. App. 286; 156 N. Y. S. 438; 203 S. W. 593; 131 Ark. 492; 30 *Id.* 3136. Under the statute, the authority for removal is granted to the court and it should hear proof and determine the issues of law and fact and the power is not mandatory or ministerial but discretionary, judicial and permissive. The demurrer does not admit that the petition contains a majority of the landowners. There is is no such allegation in it, and the demurrer does not admit a fact not alleged or pleaded. 87 Ark. 418; 5 *Id.* 661; 7 *Id.* 282; 22 A. & E. Enc. Law (2 ed.), 1233-4. The judgment is correct.

HUMPHREYS, J. On April 12, 1920, appellants filed a petition in the Cross Circuit Court to remove appellees from the board of commissioners of Bayou De-View Drainage District No. 1 of Cross, Jackson and Woodruff counties, which petition was as follows:

"In the Cross Circuit Court.

"In Matter of Bayou DeView Drainage District No. 1 of Cross, Jackson and Woodruff Counties, Arkansas.

"Petition for Removal of Commissioners.

"The undersigned real property owners in said drainage district respectfully ask that this court remove J. F. Shue, W. F. Beede, and R. J. Kibler, the present Board of Commissioners for the said district."

A short time thereafter, on the same day, appellants, through their attorney, filed a motion to docket the application for removal, which motion is as follows: "Come your petitioners who have on this date filed herein their petition requesting the removal of the present commissioners of said district, J. F. Shue, W. F. Beede and R. J. Kibler. A copy of said petition is filed herewith and made a part of this motion, marked exhibit "A" and moves the court that this cause, or matter, be docketed.

"And your petitioners in this motion represent that they constitute a majority of the real property owners in said district, and also that they are the owners of a majority in acreage, or more than fifty per cent. of the lands in said district, and respectfully request an order of this court, removing said commissioners.

"E. M. CarlLee, attorney for Dr. R. L. Frazier and others, who filed in this court on this date, petition for removal of the commissioners J. F. Shue, W. F. Beede, and R. J. Kibler."

By order of the court, the clerk docketed the case. On the same day, appellees, by attorney, filed a demurrer to the petition for removal of said commissioners (omitting caption and signatures), as follows: "Come now the Commissioners of Bayou DeView Drainage District No. 1 of Cross, Woodruff and Jackson Counties, Arkansas, J. F. Shue, R. J. Kibler and F. W. Beede, and demur to the petition of certain landowners of said drainage district asking for the removal of said commissioners and for cause allege that said petition does not state facts sufficient to warrant or authorize the removal of any one of said commisisoners by said court."

The court found that the petition did not state any cause for removal of said commissioners, and, upon that ground, sustained a demurrer to it, and, upon failure to plead further, dismissed the petition of appellants, from which judgment of dismissal, an appeal has been duly prosecuted to this court.

Bayou DeView Drainage District No. 1 of Cross, Jackson and Woodruff Counties, Arkansas, was organized under order of the circuit court of Cross County on May 15, 1915, under act 279 of the Acts of Arkansas, 1909, providing for the creation of drainage districts in this State. The proceeding for the removal of the commissioners was based on the following clause in section 4 of said act: "The county court shall remove any member of the board on the petition of a majority of the owners of lands within the district, who shall also own a majority of the acreage therein."

Appellants contend that the pleadings filed by them stated a cause of action for the removal of appellees, as commissioners, within the meaning of said clause. Appellees contend that the petition must be treated as the only pleading of appellants in the case, and that the demurrer was properly sustained to that pleading. In other words, appellee contends that the motion to docket the case was no part of the petition, and that the cause for removal specified in the motion can not be regarded as a part of the petition. The petition and motion were filed about the same time on the same day. The petition was referred to and made a part of the motion. It was alleged in the motion that the petitioners constituted a majority of the real property owners, as well as acreage, in said district. We think the two pleadings should be read together, and, when read together, clearly allege a cause of action under said section and act. It is therefore unnecessary to determine whether the petition alone constitutes a cause of action under said section and act.

Appellees insist that the judgment of the lower court should be sustained because it was not intended by the clause in question to work a removal of the commissioners except for cause. This contention is not supported by the language used. The clause is plain, unambiguous, and clearly mandatory. By it, a majority of the landowners in the district, in number and acreage, can remove commissioners on petition without cause. This interpretation of the clause is correct, because another section of the same act deals with the removal of commissioners for cause. The latter part of section 13 of said act is as follows: "The county court may remove any commissioner and appoint his successor, upon proof of incompetency or neglect of duty; but the charges shall be in writing, and such commissioner shall have the right to be heard in his defense, and to appeal to the circuit court."

The judgment is reversed with instruction to reinstate the cause, over the demurrer to the petition, and for further proceedings not inconsistent with this opinion.