BOYD v. DRACE.

Opinion delivered June 27, 1927.

HIGHWAYS—PETITION FOR REMOVAL OF COMMISSIONER.—A petition for
removal of a highway commissioner, under Acts 1925, p. 320, § 9,
amending Road Laws 1919, vol. 1, p. 1130, which provided that
any commissioner who had lost the confidence of the landowners
should be removed if a petition was presented, signed by 75 per
cent. of the landowners in his division or the road improvement
district, *held* insufficient, where it did not allege that the com-
missioner had lost the confidence of 75 per cent. of the resident
landowners of his division of the district.

Appeal from Poinsett Circuit Court; *Basil Baker,*
Special Judge; reversed.

*E. L. Westbrooke* and *C. T. Carpenter,* for appellant.
*Aaron McMullin, J. G. Waskom* and *Gautney & Dud-
ley,* for appellee.

HUMPHREYS, J. This is an application in the form
of petitions to the county court of Poinsett County, under
§ 9 of act No. 106 of the Acts of 1925, amending act No.
277 of the Acts of 1919, to remove appellant as a com-
missioner of the Ozark Trail Road Improvement District
of Poinsett County. The amendatory act provided for
five commissioners instead of three, two of whom should
be resident landowners in the western part of the dis-
trict and three resident landowners in the eastern part
of the district. Appellant was one of the three commis-
sioners named in the amendatory act for the eastern part
of the district. Section 9 of the amendatory act, under
which proceedings to oust him as commissioner were
begun, follows:

"Any commissioner of this district who has lost the
confidence of the landowners of his division of this dis-
trict as established in § 1 of this act, shall be removed and
his successor appointed by the county court, if a petition
calling therefor is presented to the court, signed by 75
per cent. of the landowners within his division of this dis-
trict. Such a petition shall not only call for the removal
of the commissioner but must also name his successor,
and it is hereby made mandatory on the county judge

both to remove and to appoint his successor named in said petition. However, before removing any commissioner on petition, the county judge shall give notice to the commissioner concerned of the petition, who shall have at least ten days in which to examine the petition, after which time the county court shall consider the petition and shall determine that it contains at least the required number of resident landowners of his division of the district. At this hearing the commissioners concerned shall have the right to be present and have counsel. Likewise, the county judge shall, on a petition signed by 75 per cent. of the landowners, fill any vacancy which may occur on said board."

Seven petitions in all were filed, four on September 5 and two on September 9, 1925, and one on the 9th day of March, 1926. After the six petitions were filed in September, 1925, the judge issued the notice directed by the statute to appellant, but same was not served upon him and no hearing was had upon them pursuant to such notice. After the petition was filed on the 9th day of March, 1926, the county judge issued a notice to appellant that the court would consider the petitions on the 17th day of April, 1926. On that day the seven petitions were consolidated, over the objection and exception of appellant. Each petition, omitting the signatures, is as follows:

"We, the undersigned, state that we are resident landowners of that division of the Ozark Trail Road Improvement District which lies east of the range line separating range six and seven east, and we hereby respectfully petition your Honor, as county judge of Poinsett County, to remove E. B. Boyd as a member of the board of commissioners of said road improvement district and to appoint in his place and stead J. L. Drace of Deckerville as a member of such board of commissioners."

Appellant then filed the following demurrer to the several petitions:

"Comes E. B. Boyd, the commissioner whose removal is sought in various petitions filed in the office of the county clerk, and demurs to each of the several petitions filed, for the reason that no one of the said petitions allege the statutory cause for the removal of a commissioner, namely, that he has lost the confidence of 75 per cent. of the resident landowners of his division of the district."

In addition to the demurrer a number of defenses were interposed by motion. The cause was heard by the county court upon the consolidated petitions, demurrer and motions, resulting in the overruling of the demurrer and the motions and a judgment removing appellant as a commissioner and the appointment of J. L. Drace as his successor. An appeal was duly prosecuted to the circuit court from the judgment.

When the cause was called in the circuit court, appellant renewed his demurrer, which was overruled by the court, over his objection and exception. All the defenses interposed in the county court and several additional ones were presented in the circuit court on a trial *de novo,* with the result that the judgment of the county court was in all things affirmed, from which is this appeal.

In stating the case we have not set out all of the defenses interposed by appellant to the consolidated petitions, as we think the court erred in overruling appellant's demurrer to them. The petitions failed to state the statutory cause of action for the removal of appellant. It was not charged in the petitions that 75 per cent. of the resident landowners in the eastern end of the district had lost confidence in appellant. This was the sole statutory ground upon which appellant could be ousted, and such charge should have been preferred by the petition. The Legislature named the commissioners, and the intent was that each was to continue to act in the capacity of such commissioner as long as he retained the confidence of over 25 per cent. of the resident owners of real estate in his end of the district. It was clearly the intent of the Legislature not to allow the commissioners to be

removed on the ground of unpopularity merely, or because they advocated some particular character of construction, or for any ground except the loss of confidence in them by at least 75 per cent. of the landowners residing in that part of the district from which the commissioner was appointed. Although the Legislature recognized the right of the resident landowners in each end of the district to control the tenure of the term of each commissioner, should as many as 75 per cent. of them lose confidence in one of the commissioners, it did not vest them with the power to remove a commissioner at will. In all fairness to the signers of the petitions, as well as a commissioner against whom the petitions were being circulated, the charge should have been clearly stated. If the petitions had stated that the signers had lost confidence in the commissioner, many of them might not have signed them. The circulation of petitions without any specific charge in them would allow the circulators to obtain signatures on any ground they could and would permit resident landowners to sign the petition just because they did not want him, even though they retained confidence in him. The petitions extended too large a leeway to the signers thereof and too much latitude to the active opponents of the commissioner. We think the petitions should have shown on their face that the signers thereof had lost confidence in appellant in order to state a cause of action for his removal.

Appellee cites the case of *Frazier* v. *Kibler,* 145 Ark. 517, 224 S. W. 960, as an authority in point to uphold the sufficiency of the petitions. It is true that the petitions for the removal of the board of commissioners in the case cited did not allege any cause for the removal, but the statute upon which the petitions were based authorized a removal of the commissioners by a majority of the real property owners if they were the owners of a majority of the acreage, or more than 50 per cent. of the lands in the district, upon request. It was not necessary to incorporate any charge in the petitions, because the statute did not require that removal be made for cause. In the instant

case the statute did require that, if a removal were made, it must be for a cause specified. In the Kibler case the decision was based upon the fact that the commissioners could be removed without cause, and for that reason it was not necessary to allege any cause. The Kibler case is not parallel with the instant case and does not rule it.

On account of the error indicated the judgment is reversed, and the cause is remanded with directions to sustain the demurrer to the petitions and dismiss them.

Justices WOOD, SMITH and McHANEY concurring.